# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

GEORGE D. JOHNSON                                            PETITIONER

V.                                                                                                 NO. 2:10CV112-M-A

STATE OF MISSISSIPPI, et al.                                RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of George Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Johnson was convicted of conspiracy to commit murder in the Circuit Court of Coahoma County, Mississippi. He was sentenced as an habitual offender to twenty-year years imprisonment. On February 13, 2007, the Mississippi Court of Appeals affirmed Johnson's conviction and sentence. *See Johnson v. State*, 949 So.2d 112 (Miss. App. 2007). Following the denial of his appeal, Johnson failed to file a motion for rehearing or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). He, later, filed a motion for leave to seek post-conviction relief with the State Supreme Court on July 7, 2009. The Supreme Court denied the motion on August 26, 2009. Johnson then filed this matter on July 7, 2010.[1]

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

---

[1] The petition is deemed filed when the prisoner places the document in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners).

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Johnson failed to pursue a motion for rehearing, the appeals process was stopped. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001). Thus, Johnson's conviction became final fourteen days after the Court of Appeals affirmed his conviction on February 13, 2007. In the absence of any further review, Johnson's sentence and conviction became final on February 27, 2007, the date on which his time for seeking further review in state court expired.

Johnson, therefore, had one-year or until February 27, 2008, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Johnson did file a petition for post-conviction relief in the Mississippi Supreme Court on July 7, 2009. The state petition, however, was not filed on or before February 27, 2008, and he, therefore, may not take advantage of the AEDPA's tolling

2

provision. *See Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). (the period is tolled for the length of time the motion is pending).

To be timely, Johnson's federal habeas petition must have been filed by February 27, 2008. Johnson, however, did not file this petition until July 7, 2010, when he presumably delivered it to prison officials for mailing. *Spotville*, 149 F.3d at 376-78. His petition was, thus, filed 861 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999).

Johnson has not alleged any facts which would warrant the application of equitable tolling. For these reasons, the petition is untimely and will be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 9th day of March, 2011.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**